**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS DOWLING, SR., | |
| Plaintiff, | No. C 12-01573 JSW |
| v. | |
| AMERICAN SHIP MANAGEMENT, LLC, | **ORDER TO SHOW CAUSE** |
| Defendant. / | |

Before the Court is Plaintiff's motion to remand this action to the Superior Court of San Francisco. The motion is based primarily on the argument that the Amended Complaint does not raise a federal question under 28 U.S.C. § 1442(a)(1) (the "Federal Officers Removal Statute"). However, the only defendant arguably 'acting under' an officer of the United States, Patriot Contract Services, LLC, has been dismissed by stipulation of the parties. There is no assertion that the remaining defendant, American Ship Management, LLC reported to the federal or state government as a government contractor. The parties are not diverse and Plaintiff does not allege a federal cause of action. The argument regarding the Federal Officers Removal Statute has been mooted since completion of the briefing on the pending motion to remand. Based on the pleadings, it appears that this Court lacks subject matter jurisdiction.

Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P.

12(h)(3). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377 (1994).

Accordingly, the remaining defendant, American Ship Management, LLC, is HEREBY ORDERED to show cause why this case should not be remanded for lack of subject matter jurisdiction. Defendant's response to this Order to Show Cause is due by **June 29, 2012**. Defendant is admonished that failure to respond to this Order to Show Cause by **June 29, 2012** will result in the Court remanding this action without any further notice. Should Plaintiff elect to file a response to American Ship Management, LLC's submission, he must do so by no later than **July 9, 2012**.

The Court FURTHER ORDERS that the hearing on the motion to remand scheduled for June 15, 2012 is VACATED and the case management conference scheduled for July 13, 2012 is VACATED and shall be reset by the Court, if necessary, at a later date.

**IT IS SO ORDERED.**

Dated: June 12, 2012

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE