IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CURTIS DOWLING, SR.,

    Plaintiff,                                       No. C 12-01573 JSW

  v.

AMERICAN SHIP MANAGEMENT, LLC,     **ORDER OF REMAND**

    Defendant.
_____/

On June 12, 2012, this Court issued an order to show cause why this case should not be remanded to San Francisco Superior Court. The pending motion to remand was based primarily on the argument that the Amended Complaint did not raise a federal question under 28 U.S.C. § 1442(a)(1) (the "Federal Officers Removal Statute"). However, the only defendant arguably 'acting under' an officer of the United States, Patriot Contract Services, LLC, was dismissed by stipulation of the parties. There was no assertion that the remaining defendant, American Ship Management, LLC reported to the federal or state government as a government contractor. The parties are not diverse and Plaintiff does not allege a federal cause of action. The argument regarding the Federal Officers Removal Statute had been mooted since completion of the briefing on the pending motion to remand. Based on the pleadings, the Court found that it lacked subject matter jurisdiction.

The Court did not receive a timely response from the remaining defendant, American Ship Management, LLC. Regardless, federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may

1  be lacking.  Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).
2  If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the
3  case.  *Id.*; Fed. R. Civ. P. 12(h)(3).
4      Accordingly, the Court remands this action to the Superior Court of San Francisco
5  County forthwith.  The Court does not find an award of attorneys' fees appropriate.
6      **IT IS SO ORDERED.**

8  Dated:   July 9, 2012

    JEFFREY S. WHITE
9      UNITED STATES DISTRICT JUDGE